# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 CR 508 - 6 | **DATE** | 5/5/2000 |
| **CASE TITLE** | United States of America vs. Johnny Jackson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to dismiss Counts Three and Four is denied. Defendant's motion to quash arrest is denied and dismissed. Defendant's motion for leave to file motion to quash arrest and suppress evidence is denied. Defendant's motion in limine to exclude reference to certain Gangster Disciple Literature is denied. Defendant's motion to strike paragraph 14 of the indictment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 0 8 2000 date docketed | |
| ✓ | Docketing to mail notices. | | 673 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY -5 2000
Judge Harry D. Leinenweber
U. S. District Court

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHNNY JACKSON,

    Defendant.

Case No. 95 CR 508-6

DOCKETED
MAY 08 2000

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the court is defendant Johnny Jackson's motion to dismiss Counts Three and Four of the Indictment for failure to allege his scienter.

Counts Three and Four of the Indictment state violations of 21 U.S.C. § 861(a)(1) and (a)(2), which reads,

> (a) Unlawful acts: It shall be unlawful for any person at least eighteen years of age to knowingly and intentionally
> (1) employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to violate any provision of this subchapter or subchapter II of this chapter;
> (2) employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to assist in avoiding detection or apprehension for any offense of this subchapter or subchapter II of this chapter by any Federal, State, or local law enforcement official.

Jackson alleges that under the statute, the Indictment must specifically allege that his actions were knowing and intentional as to both elements: (1) the "use" of a person and (2) that the person was under 18.

673

**DISCUSSION**

The court first addresses whether the indictment must allege that Jackson knew and intended that the other person be under 18. The Seventh Circuit has not addressed this issue; however, application of the knowing and intentional element as to the age of the "used" person has been rejected by the Fourth, Eighth, Ninth, and Eleventh Circuits. U.S. v. Cook, 76 F.3d 596, 598 (4th Cir. 1996), U.S. v. Carter, 854 F.2d 1102 (8th Cir. 1988), U.S. v. Valencia-Roldan, 893 F.2d 1080 (9th Cir. 1990), U.S. v. Williams, 922 F.2d 737 (11th Cir. 1991), U.S. v. Chin, 981 F.2d 1275, 1276 (D.C. Cir. 1992).

In U.S. v. Chin, the court reasoned that "[i]t is implausible that Congress would have placed on the prosecution the often impossible burden of probing, beyond a reasonable doubt, that a defendant knew the youth he enticed was under eighteen." Chin at 1280. Therefore, the court rejects Jackson's argument that the indictment need allege that Jackson knew he was using a person under 18.

Furthermore, the Indictment is sufficient in alleging the Jackson's knowing and intentional conduct as to both of the elements for the following reasons. An indictment must set forth the elements of the offense and sufficiently apprize the defendant of the charges in order to enable him to prepare for trial. See United States v. Kendall, 665 F.2d 126, 134 (7th Cir. 1981).

First, both Counts Three and Four allege Jackson's guilt under 21 U.S.C. § 861(a)(1) and (a)(2) and incorporate Count One by reference. Count One sets forth the factual allegations underlying the Indictment, outlining the specifics of each claim. The Seventh Circuit has permitted incorporation to other Counts by reference. In <u>United States v. Richman</u>, 369 F.2d 465, 467 (7th Cir. 1966), the court held that the fact that Count One of the indictment stated that the letters were dropped "into the United States Mails" and the fact that Count One was incorporated by reference into the remaining counts was sufficient to allege the "to be sent or delivered by the Post Office Department" element of the crime.

In <u>United States v. Wabaunsee</u>, 528 F.2d 1, 3 (7th Cir. 1975), the Seventh Circuit reiterated that when the law requires the defendants' scienter, even though, "'knowledge' need not be spelled out in an indictment, other 'words of similar import' must be present to '(supply) the required element of knowledge' when the indictment is read in its total context." Internal citations omitted. For example, in <u>United States v. Harris</u>, 521 F.2d 1089, 1091 (7th Cir. 1975), the court held that use of the word "rescue" in the indictment sufficiently alleged that the requirement of the defendant "knowing" that the property had previously been seized by the IRS.

In this case, Count One, paragraph eleven states: "Juveniles and nonfelons often were selected to possess the firearms by the gang's leaders because they are dealt with more leniently by the

- 3 -

indictment" corrects any arguable deficiency, and the citation to 21 U.S.C. § 861(a)(1) and (a)(2) bolsters the correction.

## CONCLUSION

Therefore, for the foregoing reasons, defendant's Motion to Dismiss Counts Three and Four (Document #663-1) is DENIED.

Additionally:

1. Defendant's Motion to Quash Arrest (Document #657-1) is DENIED and dismissed for the reasons stated in open court on July 6, 1999 in the case of co-defendant, William Edwards.

2. Defendant's Motion for Leave to File Motion to Quash Arrest and Suppress Evidence (Document #657-3) is DENIED and dismissed for the reasons stated in open court on July 6, 1999 in the case of co-defendant, William Edwards.

3. Defendant's Motion in Limine to Exclude Reference to Certain Gangster Disciple Literature (Document #660-1) is DENIED for the reasons stated in open court on March 24, 2000.

4. Defendant's Motion to Strike Paragraph 14 of the Indictment (Document #660-2) is DENIED for the reasons stated in open court on March 24, 2000.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: May 5, 2000